**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Ray WILLIAMS, Defendant-Appellant.**

No. 26096.

United States Court of Appeals, Ninth Circuit.

Nov. 23, 1970.

---

* Judge of the United States Court of Appeals for the District of Columbia, sitting by designation.

Morris Futlick (argued), Fresno, Cal., for defendant-appellant.

Richard V. Boulger (argued), Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

MERRILL, Circuit Judge:

Appellant received concurrent sentences of five-year terms for three violations of 50 U.S.C. App. § 462: failure to report for induction; failure to advise his local board of his change of address; and failure to keep his classification card in his possession.

Appellant presented testimony to the effect that although his local board had sent his notice of induction to the last address of which it had notice, he was not then residing there and the notice was never forwarded to him.

The United States presented testimony of an FBI agent to the effect that on three occasions after the mailing of the notice he had personally advised appellant of his duty to report and that his local board was seeking to make contact with him.

1. We find no prejudice in the testimony of the FBI agent to the effect that appellant had refused to discuss his draft status.

2. The instructions respecting intent were sufficient under Harris v. United States, 412 F.2d 384, 387–388 (9th Cir. 1969). The court repeatedly emphasized that failure to comply with draft board regulations must be "wilfully and knowingly done."

3. We find nothing in Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), relieving appellant from a continuing duty to report for induction. See footnote 17 at 397 U.S. page 121, 90 S.Ct. 858. Accepting appellant's contention that no offense was committed by virtue of his failure to respond to a notice he never received, he was nevertheless guilty of a failure to report after receiving notice of his obligation from the FBI agent. This case does not present a compounding of a single offense into a multitude for purposes of avoiding the statute of limitations (which the Supreme Court rejected in *Toussie*), but a simple alternative: If the offense was not committed at one time, it clearly was at another.

Judgment affirmed.